UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAIGE A. CARLOVSKY,<br><br>   Plaintiff<br><br>v.<br><br>DITECH FINANCIAL, LLC, et al.,<br><br>   Defendants | Case No.: 2:17-cv-01051-APG-VCF<br><br>**Order to Show Cause Why Declaratory Judgment Claims Should Not Be Dismissed as Moot** |

On April 14, 2017, plaintiff Paige A. Carlovsky brought this action against defendants Ditech Financial, LLC and the Bank of New York Mellon (BoNYM) regarding a Notice of Default (NOD) recorded against Carlovsky's property that is secured by a deed of trust (DOT). ECF No. 1.  The NOD, filed by the trustee of the DOT, contained an affidavit by a Ditech employee that described Ditech as the current holder and beneficiary of the DOT. ECF No. 34-6 at 4.  However, Ditech was only the loan servicer at the time while BoNYM was the actual holder and beneficiary. ECF Nos. 34-4 at 2; 34-7 at 8; 40-7 at 2.

Based on the inaccurate information contained in the affidavit, Carlovsky requests declaratory relief that neither BoNYM nor Ditech was permitted to exercise the power of sale under the DOT.  Carlovsky also alleges that both defendants violated Nevada Revised Statutes (NRS) § 107.080(2)(c) and that Ditech violated the Fair Debt Collection Practices Act.

On August 28, 2017, the NOD was rescinded. ECF No. 40-10 at 2-3.  That same month, Ditech stopped servicing the DOT. ECF No. 40-4 at 12.  On November 14, 2019, Carlovsky and Ditech stipulated to a dismissal of all claims against Ditech after Ditech filed for Chapter 11 bankruptcy. ECF Nos. 28; 29.  The claims for declaratory relief and violation of NRS § 107.080(2)(c) remain pending against BoNYM.

Claims become moot when "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (internal quotations and citations omitted). When a plaintiff seeks declaratory relief, the test for mootness is whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174-75 (9th Cir. 2002)).

Here, the NOD at the center of this dispute has since been rescinded. ECF No. 40-10 at 2-3. It thus appears that the declaratory judgment claims are moot. The parties are to confer on whether those claims should be dismissed. If the parties do not agree to dismiss them, Carlovsky shall show cause why I should not dismiss them as moot.

I THEREFORE ORDER Carlovsky and BoNYM to confer as set forth above. If the parties agree that the declaratory judgment claims are moot, they shall file a stipulation to dismiss those claims by December 4, 2020.

I FURTHER ORDER that if the parties cannot agree to a stipulation, Carlovsky shall, within 10 days of the conference, show cause in writing why the declaratory judgment claims should not be dismissed as moot. BoNYM will have seven days to respond. Failure to show cause in accordance with this order will result in dismissal of the declaratory judgment claims as moot.

DATED this 18th day of November, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE