UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAIGE A. CARLOVSKY,<br><br>   Plaintiff<br><br>v.<br><br>DITECH FINANCIAL, LLC, et al.,<br><br>   Defendants | Case No.: 2:17-cv-01051-APG-VCF<br><br>**Order Granting Defendant's Motion for Summary Judgment**<br><br>[ECF No. 50] |

Plaintiff Paige A. Carlovsky defaulted on her mortgage, and the trustee of the deed of trust (DOT) that encumbered her property recorded a notice of default (NOD) to begin the nonjudicial foreclosure process. ECF No. 50-9.  The NOD included an affidavit that inaccurately identified Ditech Financial as the current holder, beneficiary, and servicer of the DOT. *Id.* at 4-7. Defendant Bank of New York Mellon (BoNYM) was the actual holder and beneficiary while Ditech was only the servicer. ECF Nos. 50-4 at 11; 50-5 at 2.  Carlovsky brought this action against BoNYM for its role in recording the NOD.

Carlovsky sued BoNYM for violations of Nevada Revised Statute (NRS) § 107.080(2)(c) and for declaratory relief. ECF No. 1.  The NOD was then rescinded. ECF No. 50-10.  I denied Carlovsky's motion for summary judgment on her NRS § 107.080 claim because she had not shown that the statute entitled her to damages where a power of sale had not been exercised and the NOD had been rescinded. ECF No. 47.  I extended the dispositive motions deadline because the case appeared capable of resolution on the law. *Id.*  I also issued an order to show cause why the declaratory judgment claim was not moot. ECF No. 46.

The parties stipulated to dismiss the declaratory judgment claim. ECF No. 48.  BoNYM moved for summary judgment, arguing that it did not violate the Nevada statute because the

power of sale had not been exercised and that it substantially complied with the statute. ECF No. 50.  Carlovsky filed a notice of non-opposition to BoNYM's motion. ECF No. 51.

The parties are familiar with the facts, so I will not recite them here except where necessary to resolve the motion.  I grant the motion and enter judgment in favor of BoNYM.

**ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion.[1]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the nonmoving party has failed to show an essential element to its case, the moving party is entitled to judgment as a matter of law. *Id.* at 323.  Even when a motion for summary judgment is unopposed, I may grant the motion only if the record and law support it. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

In my previous order, I explained that NRS § 107.080(8) is ambiguous as to when liability attaches. ECF No. 47 at 6.  Because of the ambiguity, I looked to the legislative history, which supports the interpretation that a power of sale must be exercised before liability attaches. *See* Records and Recordation--Assignments--Mortgages, 2011 Nevada Laws Ch. 81, § 9 (A.B. 284) (providing for "civil action against a person who exercises the power of sale under a deed of trust without complying with the provisions of law governing the exercise of that power").  I suggested in my order that this may be the correct interpretation.  However, I denied Carlovsky's motion without prejudice and allowed her an opportunity to persuade me that the statute should

---

[1] Because Carlovsky has not opposed this motion, I treat BoNYM's facts as undisputed. Fed. R. Civ. P. 56(e)(2).

be interpreted differently. ECF No. 47 at 8.  Carlovsky did not file a new motion nor does she oppose BoNYM's summary judgment motion.

Even if I were to interpret the statute to allow liability to attach upon the recording of a deficient NOD, I find good cause to not award damages or reasonable attorney's fees in this circumstance. *See* NRS § 107.080(8) (stating that the court "must award" damages and reasonable attorney's fees and costs "unless the court finds good cause for a different award"). Although the affidavit attached to the NOD incorrectly identified the current holder of the note and beneficiary, the NOD and parts of the affidavit also contained correct information sufficient to give Carlovsky notice.  The first page of the NOD identified BoNYM as the "present Beneficiary" and the affidavit included a section that showed that BoNYM became the beneficiary on February 24, 2016. ECF No. 50-9 at 2, 6.  There was also little to no harm to Carlovsky because the NOD was rescinded shortly after this suit was filed and it was never acted upon. ECF Nos. 1; 50-10.  Taken together, good cause exists to provide no award.  As such, summary judgment in favor of BoNYM is appropriate.

**CONCLUSION**

I THEREFORE ORDER that defendant Bank of New York Mellon's motion for summary judgment **(ECF No. 50)** is **GRANTED**.  The Clerk of the Court is instructed to enter judgment in favor of Bank of New York Mellon and to close this case.

DATED this 26th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3